UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-00190-SEB-MJD |
| | ) | |
| FRANK LITTLE, III, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**Order Granting Motion to Reduce Sentence**

Pending before the Court is Frank Little's Motion to Reduce Sentence, dkt [63], filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239. Mr. Little seeks immediate release and the reduction of his sentence to time served due to the May 2020 death of his minor children's mother. For the reasons explained below, Mr. Little's motion is **GRANTED.**

I.

BACKGROUND

On December 10, 2018, Defendant Frank Little was sentenced to 168 months, followed by five years of supervised release, following his conviction for Possession with Intent to Distribute More than 500 Grams of Methamphetamine (Mixture), in violation of 21 U.S.C. § 841(a)(1). Dkt. 48.

Mr. Little is now incarcerated at the Federal Correctional Institution in Terre Haute, Indiana (FCI-Terre Haute). His current release date is projected to be September 11, 2027, via Good Conduct Time. Dkt. 63-1. Mr. Little had one conduct write-up over four years ago, dkt. 63-4, but has been mostly productive at the BOP, engaging in drug education, mental health treatment, general education, and vocational programming, dkt. 63-3.

1

On May 24, 2020, Mr. Little's wife Tiesha Little passed away in a car accident. Dkt. 63 at 2; dkt. 63-5 at ¶ 4. Mr. Little and Tiesha had four children together who are currently six, eleven, thirteen, and sixteen years old. Dkt. 63 at 2 n. 3. Prior to Mr. Little's incarceration, he raised and supported the children with Tiesha, who described him as an "awesome" father who was very giving and loved by his children. Dkt. 40 at 11. After Tiesha's death, Mr. Little's brother and sister-in-law Cherrie Little have been caring for the four children. Dkt. 63-5 at ¶ 7. Losing their mother has been "unbearable" for the children, and their pain is compounded by Mr. Little's incarceration. *Id.* at ¶ 9. "Most of their time is spent crying for their parents." *Id.* Although Cherie loves the children, the cost of caring for them has created a financial burden for her family. *Id.* at ¶ 8. There are no other family members who are available to care for the children. Dkt. 67-1 at ¶¶ 8–10.

Mr. Little submitted an administrative request for compassionate release under the First Step Act to the warden of FCI-Terre Haute on May 27, 2020. Dkt. 63-2. The warden did not respond, and more than thirty days have passed.

On May 28, 2020, Mr. Little sought the appointment of counsel to assist him with the instant motion, dkt. 60, which was granted on June 10, 2020, dkt. 62. On July 18, 2020, Mr. Little by counsel filed a motion for sentence reduction with this Court. Dkt. 63. The United States responded on July 27, 2020, dkt. 66, and Mr. Little filed a reply on August 3, 2020, dkt. 67.

## II.
### DISCUSSION

Mr. Little argues that the Court should order his immediate release because the death of his minor children's mother is an extraordinary and compelling reason for release. In addition, he argues that he is not a danger to the community and that the sentencing factors in 18 U.S.C. § 3553(a) favor his release. The Government argues that there is insufficient evidence that there are

no other available caretakers, and it further argues that Mr. Little is dangerous and any reduction of Mr. Little's sentence would be inconsistent with the § 3553(a) factors. Dkt. 66.

18 U.S.C. § 3582(c) provides in relevant part:

[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The Government concedes that Mr. Little has exhausted his administrative remedies. Dkt. 66. Accordingly, the Court proceeds to the merits of the motion.

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3581(c), contained in United States Sentencing Guidelines ("US.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[1] courts have universally

---

[1] Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 1 Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018) (First Step Act § 603(b)).

turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Little is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

### A. Extraordinary and Compelling Reasons

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling." Relevant here is the third reason: "(C) Family Circumstances—(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children."

The Court concludes that Mr. Little has established "extraordinary and compelling reasons" for his release under subsection (C). The mother of Mr. Little's minor children died, and there are no other relatives available to care for them.[2]

---

[2] The Government argued that Mr. Little did not produce enough evidence that Mr. Little was the only available family caregiver for the children, and Mr. Little in response filed another affidavit

**B.  Danger to Any Other Person or to the Community**

The Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) is the provision outlining the factors the Court must consider in determining whether a defendant should be detained pending trial. In turn, § 3142(g) provides:

> **(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>> **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>> **(2)** the weight of the evidence against the person;
>> **(3)** the history and characteristics of the person, including--
>>> **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>> **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>> **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Mr. Little's conviction was based on the following conduct. Around June 13, 2014, a Drug Enforcement Administration agent began investigating Mr. Little's participation in methamphetamine trafficking. Dkt. 40 at 3. The agent learned that another suspect would be

---

from Cherie Little describing the unavailability and unsuitability of other caregivers. The Court is satisfied with this evidence and finds an evidentiary hearing unnecessary.

5

acquiring meth from Mr. Little. *Id.* Agents began to surveil Mr. Little's residence, and when the other suspect left Mr. Little's house, the agents conducted a traffic stop that resulted in the seizure of $10,000, a loaded gun, and over 500 grams of methamphetamine mixture. *Id.* The agents then conducted a search of Mr. Little's residence. *Id.* at 4. A K-9 unit was used, and when the dog alerted on Mr. Little's vehicle, officers opened the trunk and found 1.2 kilograms of methamphetamine, 400 grams of cocaine, 112 grams of marijuana, and $10,000. *Id.* at 4. In a later search of his house, agents located a sawed-off shotgun from a bedroom closet. *Id.*

Mr. Little's criminal history included four felony controlled substance offenses. Dkt. 40 at 7–9. Because he had at least two prior felony convictions for a controlled substance offense, he was a career offender under U.S.S.G. § 4B1.1. *Id.* at 5.

The Court is concerned about Mr. Little's lengthy criminal history and history of drug addiction. The Court finds, however, that Mr. Little's release from incarceration to a five-year term of supervised release with the first year on home detention with GPS monitoring and additional conditions would not threaten the safety of his family or the general public. Mr. Little has engaged in various educational vocational, and rehabilitative courses while in the BOP. He has had only one conduct write-up, for a non-violent offense, which occurred over four years ago. Mr. Little's former employer has offered to rehire him as a journeyman laborer. Dkt. 63-6.

Mr. Little has previously demonstrated that he was able to comply with rules of probation. The Government moved for Mr. Little's pretrial detention, but Mr. Little was released on GPS location monitoring. Dkts. 8, 9. Mr. Little remained in compliance with his conditions of pretrial release until sentencing and self-surrendered to the BOP. Dkt. 40 at ¶ 2; dkt. 48 at 2.

With respect to the additional conditions the Court finds necessary, the Court observes two major challenges that Mr. Little faces upon his release. First, he has a history of drug abuse.

Second, his wife has died, and he is now the sole caretaker of four children in a time when the world is dealing with the stresses wrought by the COVID-19 pandemic. Accordingly, in addition to the substance abuse program and drug testing previously imposed in the Court's judgment, *see* dkt. 48 at 4, ¶ 11, the Court further orders that Mr. Little participate in family counseling at the direction of his probation officer so that he can gain the necessary skills to be a single parent in challenging times.

Pursuant to § 3142(g), the Court finds that Mr. Little does not pose a danger to any other person or the community if his sentence is reduced to time served and his term of supervised release includes that the first year of supervised release to be under conditions of home detention with GPS monitoring.

### C. Section 3553(a) Factors

In evaluating a motion for compassionate release, the next consideration is whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence. *United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020). In this case, they do not.

Section 3553(a) provides:

**(a) Factors to be considered in imposing a sentence.—**The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
   **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
   **(2)** the need for the sentence imposed—
         **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
         **(B)** to afford adequate deterrence to criminal conduct;
         **(C)** to protect the public from further crimes of the defendant; and

(**D**) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(**3**) the kinds of sentences available;

(**4**) the kinds of sentence[s] and the sentencing range established for--

(**A**) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines [issued by the Sentencing Commission . . . ;]

(**5**) any pertinent policy statement guidelines [issued by the Sentencing Commission . . . ;]

(**6**) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(**7**) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The nature of Mr. Little's offense was undoubtedly serious. Mr. Little was sentenced to a term of 168 months and has served less than half of his sentence. The Court believes the 168-month sentence was appropriate when imposed. However, circumstances changed with Tiesha's tragic death. Mr. Little lost his wife while incarcerated and was unable to attend her funeral. His children are grieving, both for their deceased mother and for their incarcerated father. As their sole provider, Mr. Little has both the legal duty and moral imperative to care for them rather than engage in criminal activity. Therefore, further incarceration is not needed to deter Mr. Little from further offenses; nor, for the reasons described above, is it necessary to protect the public from future crimes.

In addition to the five years he has already served, Mr. Little will serve an additional 12 months under conditions of home detention with GPS monitoring. The sentence that has already been served plus the 5-year term of supervised release is adequate deterrence to future criminal conduct.

In addition, if released, Mr. Little will have more access to services that will enable him to be a good father and productive citizen. Although Mr. Little participated in programming at FCI-

8

Terre Haute, the COVID-19 pandemic has made further participation in programs within prison impracticable for the foreseeable future. As the Court described above, Mr. Little will be required to participate in drug and family counseling upon his release.

For the foregoing reasons, the Court concludes that the applicable § 3553(a) factors support Mr. Little's request for compassionate release with additional conditions for his term of supervised release.

## III.
### CONCLUSION

Pursuant to 18 U.S.C. § 3582(c), the Court finds that extraordinary and compelling reasons warrant a reduction of Mr. Little's sentence, that Mr. Little does not pose a danger to any other person or the community under the conditions of release, that the § 3553(a) factors support a reduction, and that the reduction is consistent with the Sentencing Commission's policy statements. Therefore, the Court **GRANTS** Mr. Little's Motion for Compassionate Release, **ORDERS** that Mr. Little's sentence of imprisonment be reduced to **time served as of August 12, 2020,** and further **ORDERS** the BOP to release Mr. Little by **5:00 p.m. on Wednesday, August 12, 2020**.

The **term of supervised release remains 5 years**. The terms of supervised release imposed in the Judgment of September 16, 2015, remain the same with the addition of the following conditions:

The first year of Mr. Little's supervised release will be served **under conditions of home detention with GPS monitoring** with permission to leave his residence with his probation officer's approval;

Mr. Little is required to participate in family counseling during the first year of his release;

Mr. Little is further ORDERED to comply with any period of quarantine due to the COVID-19 epidemic directed by medical staff and/or any state or local health authority.

**IT IS SO ORDERED.**

Date: ___8/10/2020___

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

All Electronically Registered Counsel